IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE VALLEY CLUB OF HUNTINGDON VALLEY, | ) |
| Defendant. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

The United States of America alleges:

1. This action is brought by the Attorney General on behalf of the United States to enforce Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, et seq. ("Title II").

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000a-5(a) 2000a-6(a), and 28 U.S.C. § 1345.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the claims alleged herein arose in this District.

4. Defendant, The Valley Club of Huntingdon Valley ("Valley Club"), is a non-profit corporation that does business in the Eastern District of Pennsylvania.

5. The Valley Club owns, operates and maintains the educational and recreational facilities, including a swimming pool, that are located at 22 Tomlinson Road, Huntingdon Valley, Pennsylvania.

6. The Valley Club is a place of public accommodation within the meaning of Title II because it is a place of entertainment within the meaning of 42 U.S.C. § 2000a(b)(3), has a snack bar that serves Valley Club patrons within the meaning of 42 U.S.C. §§ 2000a (b)(2) and (4), and because its operations affect commerce within the meaning of 42 U.S.C. §§ 2000a(c)(2), (3), and (4).

7. The Valley Club's facilities are open to members of the public for parties, swimming lessons, and other events. The Valley Club rents its facilities to members of the public, including to large groups.

8. Creative Steps, Inc., is a corporation based in Philadelphia, Pennsylvania, that operates a day camp during the summer for approximately sixty-six (66) elementary school-aged children. The children of Creative Steps are predominantly African-American.

9. In June 2009, Creative Steps contracted with the Valley Club for Creative Steps' day camp children to swim for 90 minutes each Monday afternoon for seven weeks, beginning June 29 and ending August 10, 2009, for a fee of $1950.00. On Monday, June 29, 2009, Creative Steps visited the Valley Club for the first time with approximately fifty-six (56) children. During and after this visit, some Valley Club members made statements and complaints to the President of the Valley Club and to its Board of Directors based on race in opposition to Creative Steps' use of Valley Club.

10. On June 30, 2009, one day following Creative Steps' visit to the Valley Club, the

        President and the Board of Directors of the Valley Club adopted a policy to bar all summer camps from using its facility. They adopted this policy in response to racially-motivated opposition from Valley Club members to Creative Steps.

11.     The Valley Club adopted its policy with the intention of preventing the children of Creative Steps from returning to the Valley Club. On June 30 and July 1, 2009, the Valley Club informed Creative Steps that it could not return to the Valley Club and refunded its money.

12.     The acts described in paragraphs 7-11 constitute a pattern or practice of resistance to the full and equal enjoyment of rights secured by 42 U.S.C. §§ 2000a, et seq. on the basis of race or color, and the pattern or practice is of such a nature and is intended to deny the full exercise of such rights.

## Prayer for Relief

WHEREFORE, the United States requests that the Court enter an Order:

1.     Declaring that the challenged policies and practices of defendant violate Title II;

2.     Enjoining defendant, its employees, agents, and successors, and all other persons in active concert or participation with defendant, from engaging in any act or practice which, on the basis of race or color, denies or abridges any rights secured by Title II; and

3.     Requiring defendant, its employees, agents, and successors, and all other persons in active concert or participation with any of them, to take such affirmative steps as may be necessary to remedy the past unlawful conduct.

The United States further prays for such additional relief as the interests of justice may require, together with the costs and disbursement of this action.

Dated: January 13, 2010

ERIC H. HOLDER, JR.
Attorney General

*/s/ Thomas E. Perez*
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

Of Counsel:
MICHAEL L. LEVY
United States Attorney
Eastern District of Pennsylvania

*/s/ Steven H. Rosenbaum*
STEVEN H. ROSENBAUM
Chief, Housing and Civil
 Enforcement Section

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

*/s/ Lori K. Wagner*
REBECCA B. BOND
Deputy Chief
SAMEENA SHINA MAJEED
LORI K. WAGNER
Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement
 Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 514-4713
Fax: (202) 514-1116
Sameena.Majeed@usdoj.gov
Lori.Wagner@usdoj.gov

ANNETTA FOSTER GIVHAN
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Phone: (215) 861-8319

4